UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORRELATED MAGNETICS RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH, INC.,<br><br>Defendant. | Case No. 21-cv-02554-JST (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 97 |

CMR says Logitech is taking too long to complete its document production. CMR seeks court intervention to compel Logitech to hurry up.

There's only one month to go before the fact-discovery cutoff. Logitech will need to complete its production by then or seek relief from Judge Tigar. If CMR doesn't get what it wants by the cutoff, it can timely move to compel. *See* Civ. L.R. 37-3. But at this point, with only a month to go, there's not much to be gained by imposing an interim production deadline.

If CMR needs specific documents before it deposes Logitech's witnesses, it should ask Logitech for them, and Logitech should endeavor to get CMR what it needs. If a dispute breaks out about what documents are needed pre-deposition, the parties can bring that dispute to the Court.

If Logitech *refuses* to produce certain documents, CMR can move to compel. CMR needn't wait for the fact-discovery cutoff to do so.[1] CMR suggests that there's already one such dispute: that Logitech has refused to produce product samples. *See* Dkt. 97 at 2–3. But Logitech, in response, says it has now agreed to order product samples and to ship them to CMR. *See id.* at 4. It appears this dispute has been resolved. If not, the parties can raise it in a standalone joint statement. *See* AGT Civ. Standing Order § VII.B (explaining that a joint statement "should address only one

---

[1] Any motion to compel should be filed as a joint statement.

issue or a few issues that are inextricably related").

**IT IS SO ORDERED.**

Dated: July 18, 2022

_____
Alex G. Tse
United States Magistrate Judge